# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WAG Acquisition, L.L.C.,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Multi Media, L.L.C., *et al.*,<br><br>　　　　　Defendants. | Civil Action No. 2:14-cv-02340 (ES)(MAH)<br><br>***FINDINGS OF FACT***<br>***CONCLUSIONS OF LAW & ORDER*** |
| WAG Acquisition, L.L.C.,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Data Conversions, Inc., *et al.*<br><br>　　　　　Defendants. | Civil Action No. 2:14-cv-02345 (ES)(MAH) |
| WAG Acquisition, L.L.C.,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Flying Crocodile, Inc., *et al.*,<br><br>　　　　　Defendants. | Civil Action No. 2:14-cv-02674 (ES)(MAH) |
| WAG Acquisition, L.L.C.,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>FriendFinder Networks Inc., *et al.*,<br><br>　　　　　Defendants. | Civil Action No. 2:14-cv-03456 (ES)(MAH) |

| | |
|---|---|
| WAG Acquisition, L.L.C., <br><br> Plaintiff, <br><br> v. <br><br> Vubeology, Inc., *et al.*, <br><br> Defendants. | Civil Action No. 2:14-cv-04531 (ES)(MAH) |
| WAG Acquisition, L.L.C., <br><br> Plaintiff, <br><br> v. <br><br> WEBPOWER, Inc. d/b/a WP Associates, *et al.*, <br><br> Defendants. | Civil Action No. 2:15-cv-3581 (ES)(MAH) |

**THIS MATTER** having been opened to the Court upon the motion of Plaintiff, by and through its attorneys Lewis Baach Kaufmann Middlemiss PLLC, seeking an order sealing Defendants' November 6, 2018 Objection to Report and Recommendation Denying Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction and Plaintiff's November 28, 2018 Response to Defendants' Objection to Report and Recommendation Denying Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (collectively, the "Documents"); and the Court having considered Plaintiff's motion, the Court makes the following findings of fact and conclusions of law, pursuant to Local Civil Rule 5.3(c)(6):

### FINDINGS OF FACT

1. On March 28, 2016, the Court entered the parties' Discovery Confidentiality Order. Dkt. No. 55 in 15-cv-03581. The Discovery Confidentiality Order permits a party producing and filing documents in this action to designate materials as "Attorneys' Eyes Only" and/or "Confidential."

2

2. Under the Discovery Confidentiality Order, "Attorneys' Eyes Only" material includes: "any Discovery material that contains trade secrets or other highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party." *Id.* ¶ 2.

3. Under the Discovery Confidentiality Order, "Confidential" material is material "(a) that contains competitively sensitive technical, marketing, financial, sales or other confidential business information, or (b) that contains any private or confidential personal information, or (c) that contains information received in confidence from third parties; or (d) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(l)(G) of the Federal Rules of Civil Procedure and Local Civil Rule 5.3." *Id.* ¶ 1.

4. On October 23, 2018, Magistrate Judge Hammer filed a Report and Recommendation regarding Defendants' motions to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) or, in the alternative, to dismiss or transfer for improper venue under the patent venue statute, 28 U.S.C. § 1400(b). On November 6, 2018, Defendants filed an objection to that Report and Recommendation and on November 28, 2018 Plaintiff filed a response to that objection.

5. The Court finds that the documents Plaintiff seeks to have sealed appear to reference Plaintiff WAG Acquisition, L.L.C.'s ("WAG") "Attorneys' Eyes Only" and "Confidential" information pursuant to the terms of the parties' Discovery Confidentiality Order.

6. The Court further finds that the information that is the subject of the instant motion to seal includes highly sensitive business information and competitively sensitive confidential business information of WAG that is not known to the general public.

7. The Court further finds that the parties appear to have gone to great lengths to safeguard and protect the confidentiality of information and documents that WAG has designated as WAG's highly sensitive and confidential information.

8. The Court further finds a clearly defined and serious injury to WAG will result if this information is not permitted to be filed under seal. Indeed, revealing this information to the public would injure WAG's business interests. As a result, the public disclosure of the Documents would serve no legitimate purpose, nor would it aid in promoting fairness or efficiency among the Parties to this action.

9. The Court further finds that WAG has a strong and legitimate interest in protecting this confidential information from being disclosed to the public.

10. The Court further finds that a less restrictive alternative to the relief sought herein is not available.

11. For these reasons, good cause exists for protecting WAG's highly confidential business information.

## CONCLUSIONS OF LAW

12. A "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . requiring that a trade secret, or other confidential research, development, or commercial information not be revealed." Fed. R. Civ. P. 26(c)(1)(G).

13. "[T]he inclusion of . . . confidential information in documents warrants the sealing of such documents. [Thus, a] well-settled exception to the [public's] right of access [to information] is 'the protection of a party's interest in confidential commercial information . . . where there is a sufficient threat of irreparable harm.'" *Bed Bath & Beyond Inc. v. Sears Brands, LLC*, No. 08-5839, 2011 U.S. Dist. LEXIS 145955, at *9 (D.N.J. Dec. 20, 2011) (quoting *In re Gabapentin Patent Litig.*, 312 F. Supp. 2d 653, 654 (D.N.J. 2004)). For that reason, "the presence of . . . confidential information weighs against public access and . . . documents containing such information may be protected from disclosure." *Id.*

4

14. The Documents contains WAG's highly confidential business information and competitively sensitive confidential business information within the meaning of Federal Rule of Civil Procedure 26(c)(1)(G).

15. Accordingly, the Court finds that good cause exists to seal the Documents under the considerations set forth in *Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994) and Local Civil Rule 5.3(c).

For the reasons set forth above, as well as good cause shown:

**IT IS**, on this _____7th_____ day of _____January_____, 2019

**ORDERED** that Plaintiff has complied with the strictures of Local Civil Rule 5.3(c) and 7.1; and it is further

**ORDERED** that Plaintiff's Motion to Seal is hereby granted.

**SO ORDERED.**

Hon. Michael A. Hammer, U.S.M.J.

5